UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASMINE WILLIS,

    Plaintiff,

v.

MCLAREN MACOMB,

    Defendant.

Case No:

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Jasmine Willis (hereinafter "Willis"), by and through her attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant, McLaren Macomb ("McLaren") states as follows:

1. Plaintiff, Jasmine Willis is a resident of the City Detroit, County of Wayne and State of Michigan.

2. Defendant, McLaren Macomb is a Michigan non-profit corporation whose resident agent is Tracey Franovich, whose resident address is 1000

Harrington Street, Mount Clemens, Michigan 48043 entity duly authorized to do business in the Southeastern District in the State of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting of race and sex/gender discrimination and retaliation in violation of Title VII, of 42 U.S.C. §1981 and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff is an African-American female who began her employment with Defendant, McLaren on or around October 2022 and was most recently employed as an RN with McLaren Macomb.

8. Plaintiff was employed at McLauren Macomb Hospital as an RN where Plaintiff was harassed and discriminated against due to her race and sex.

9. Plaintiff was verbally assaulted on numerous occasions, yelled at,

physically intimidated and called a "bitch" and "bitches and bums" due to her gender/sex.

10. She and other African-American were also singled out and targeted due to their race referred to by racial group as "they" and comments were made that "they think they can talk to people however they want, she needs to go back to Detroit and work out there."

11. These comments occurred on a regular basis and created an offensive and hostile work environment.

12. Plaintiff's supervisor would harass Plaintiff and treat her in a threatening and demeaning manner.

13. Plaintiff complained to Defendant but no one did anything to stop or prevent the harassment.

14. Defendant's harassment and discrimination created a hostile and offensive work environment.

15. Plaintiff complained to HR, but nothing was done, instead they retaliated against her by terminating her.

16. The harassment continued to the point where no reasonable person would feel safe working there and Plaintiff was constructively discharged.

17. At all pertinent times Plaintiff was an exemplar employee.

18. During the time period in question, Defendant was Plaintiff's

employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

19.   Defendant, through its agents, representatives and employees were predisposed to sexually harass and discriminate against Plaintiff on the basis of her sex and acted in accordance with that predisposition.

20.   Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

21.   Plaintiff filed a Charge of Discrimination against Defendant, McLaren, Charge Number 471-2024-02865.

22.   On July 21, 2025, the EEOC issued a Right to Sue letter against Defendant, McLaren.

### COUNT I
### SEX/GENDER DISCRIMINATION/DISCRIMINAITON IN VIOLATION OF TITLE VII AND ELCRA - HOSTILE WORK ENVIRONMENT

23.   Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.   Pursuant to Title VII of Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, et seq. ("ELCRA") Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from

4

their employer and/or supervisors on the basis of her gender/sex.

25. At all times relevant, Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex and on the basis of sex, and due to her status as a female, Defendants' employee(s) began to harass and discriminate against Plaintiff.

26. Defendant failed to take remedial action after she reported the numerous incidents of discrimination, harassment and retaliation.

27. Defendant had the knowledge that Plaintiff was being discriminated against and harassed due to her gender/sex, and retaliated against, but failed to take remedial measures to stop the discrimination and.

28. Defendant was Plaintiff's employer within the meanings of Title VII and the ELCRA.

29. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment, and retaliation based upon sex by Defendant, its employees and agents to the point where their status as an employee has been detrimentally affected.

30. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiffs by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

    b. Retaliating against employees who make complaints of discrimination

5

and harassment; and

    c. Failing to take serious and corrective action when informed by Plaintiffs that the conduct towards them was unlawful.

31. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

32. Defendant breached and violated its duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to prevent or stop sex/gender discrimination against Plaintiff causing a hostile work environment;

    b. Taking adverse employment action, including constructive discharge/termination against Plaintiff due to her sex; and

    c. Retaliating against Plaintiffs for their complaints of sex/gender discrimination.

33. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of the Defendant.

34. Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to Title VII and the ELCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

35. Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other

employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RACIAL DISCRIMINATION AND HARASSMENT

36. Plaintiff incorporates by reference paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37. Plaintiff belongs to a protected class as an African American.

38. Plaintiff was subjected to unwelcome communication and conduct due to her race.

39. The racially charged conduct towards Plaintiff was unwelcome.

40. Defendant's conduct was intentional and motivated by Plaintiff's race as an African-American.

41. The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

42. Plaintiff believed his work environment to hostile and abusive as a direct result of Defendant's conduct.

43. Plaintiff suffered adverse tangible employment actions as a result of the hostile work environment and was terminated due to her race.

44. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately suspended due to her race .

45. Pursuant to 42 U.S.C. §1981, Title VII and the ELCRA Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including suspension from his employer and/or supervisors based upon her race.

46. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

47. Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including suspension based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

48. Plaintiff is entitled to punitive, exemplary and compensatory damages pursuant to 42 U.S.C. §1981, Title VII and the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

49. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage,

mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

### COUNT III
### RETALIATION IN VIOLATION OF
### 42 U.S.C. §1981, TITLE VII AND THE ELCRA

50. Plaintiffs incorporate by reference paragraphs 1 through 49 of the Complaint as though fully set forth herein.

51. Pursuant to 42 U.S.C. §1981, Title VII and the ELCRA, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors on the basis of her sex and race.

52. Plaintiff was harassed and discriminated against due to her sex/gender and race by her immediate supervisor.

53. Defendant created a hostile work environment for Plaintiff as a result of Defendant's continuous comments, remarks, and conduct based on sex and race and Plaintiff's sex and race.

54. Plaintiff engaged in a protected act under Title VII and the ELCRA by complaining of sex/gender discrimination.

55. Plaintiff engaged in a protected act under 42 U.S.C. §1981, Title VII and the ELCRA by complaining of race and sex/gender discrimination.

56. As a result of Plaintiff's protected activity, she was retaliated against by Defendant, including Defendant's employees, agents, and supervisors.

57. As a result of engaging in a protected activity, Plaintiff was subjected to hostile and offensive conduct by co-workers and when they complained to Defendant, United, no remedial actions were taken.

58. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating and retaliating against employees.

59. Defendant owed Plaintiff a duty to not retaliate against her for making complaints of sex/gender discrimination and assault.

60. As a direct and proximate result of the actions of Defendant, Plaintiffs were the subject of discriminatory conduct and retaliation.

61. Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and

against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

                Respectfully submitted,

                **BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
     SCOTT P. BATEY (P54711)
     Attorney for Plaintiff
     30200 Telegraph Road, Suite 400
     Bingham Farms, Michigan 48025
     (248) 540-6800
     sbatey@bateylaw.com

Dated:  October 14, 2025

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Jasmine Willis, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

    By: /s/Scott P. Batey
        SCOTT P. BATEY (P54711)
        Attorney for Plaintiff
        30200 Telegraph Road, Suite 400
        Bingham Farms, Michigan 48025
        (248) 540-6800
        sbatey@bateylaw.com

Dated:  October 14, 2025